IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOBBY WAYNE REED,

        Plaintiff,

                                CIVIL ACTION
   vs.                         No. 06-3055-SAC

(FNU)(LNU), et al.,

        Defendants.

**ORDER**

    This matter is before the court on a civil rights action filed by a prisoner incarcerated in the United States Penitentiary, Florence, Colorado.

    Plaintiff states that on September 29, 2005, the mailroom at the Florence facility received legal mail for him, which he received on October 4, 2005. The letter was postmarked on November 9, 2004, and had been received at the Leavenworth facility on November 12, 2004. The envelope contained a Report and Recommendation entered by a United States Magistrate Judge, and plaintiff had until November 29, 2004, to file a response. Plaintiff claims the failure to deliver his legal mail in a timely manner caused a due process violation

and denied him access to the courts.

Pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), prisoners must exhaust available administrative remedies, and an action filed before that exhaustion requirement is met must be dismissed. Booth v. Churner, 532 U.S. 731, 740-41 (2001); Yousef v. Reno, 254 F.3d 1214, 1216 n. 1 (10th Cir. 2001). This requirement is strictly enforced in the Tenth Circuit. "[T]he substantive meaning of § 1997e(a) is clear: resort to a prison grievance process must precede resort to a court." Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1207 (10th Cir. 2003)(internal quotation and citation omitted).

Plaintiff did not exhaust administrative remedies, and he claims "exhaustion of administrative remedies is fruitless and offer no resolution to the relief requested." (Doc. 1, p. 2). However, it is settled that a prisoner must exhaust administrative remedies even if available administrative procedures "would appear to be futile at providing the kind of remedy sought." Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002).

Because it appears the plaintiff has made no effort to pursue administrative remedies, the court concludes this

2

matter must be dismissed without prejudice to allow him to seek relief through the administrative grievance procedure available to federal prisoners.  See 28 C.F.R. § 542.10-.19.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice to allow the plaintiff to pursue administrative grievances.

IT IS FURTHER ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is denied as moot.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 29th day of March, 2006.

>S/ Sam A. Crow
>SAM A. CROW
>United States Senior District Judge